UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THERESA CORNELL,

    Plaintiff(s),

v.

STATE OF CALIFORNIA,

    Defendant(s).

No. C-11-05431 (DMR)

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

Plaintiff filed this case, in conjunction with an Application to Proceed *in Forma Pauperis*, on November 9, 2011. [Docket Nos. 1-2.] Her complaint alleges that a California state judge acted unethically during her criminal trial. Specifically, she asserts that, upon conviction, he gave her a more stringent sentence than others who had committed more egregious crimes; that he failed to properly disqualify an allegedly biased juror; that he improperly influenced the jury's behavior; that he refused to recuse himself upon her request; that he tampered with her legal documents to deprive her of an appeal; and that when she appealed, her case again appeared before this judge.

After reviewing Plaintiff's IFP Application, the court determines that Plaintiff meets the financial requirements of 28 U.S.C. § 1915. The court therefore GRANTS the application. The court nevertheless must dismiss Plaintiff's complaint pursuant to § 1915(e)(2)(B)(ii), because it fails to state a claim upon which relief can be granted. Even taking into account the court's duty to construe *pro se* pleadings liberally, *see Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir.2003), the court cannot discern a valid legal claim. Judges and "individuals necessary to the judicial process" at the state and federal levels, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 923 (9th Cir. 2004) (citations and quotation marks omitted), are "generally immune from civil liability." *Meek v.*

*Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). This policy reflects the "'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Olsen*, 363 F.3d 916 at 922 (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1871)). This rule remains sacrosanct "[a]lthough unfairness and injustice to a litigant may result on occasion." *Meek*, 183 F.3d at 965 (citation and quotation marks omitted). Thus, a judge receives immunity even if "he takes actions which are in error, are done maliciously, or are in excess of his authority." *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)). The law will strip a judge of immunity only if he acts "'in the clear absence of all jurisdiction.'" *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting *Stump*, 435 U.S. at 356-57) (quotation marks omitted).

The facts proffered in Plaintiff's amended complaint concern her objections to the actions of a judge in his official capacity, and nothing before the court suggests that the judge acted in a clear absence of jurisdiction. Under these circumstances, the law mandates that the judge receive immunity from suit. The court therefore dismisses Plaintiff's complaint without prejudice.[1]

IT IS SO ORDERED.

Dated: January 27, 2012

DONNA M. RYU
United States Magistrate Judge

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. 11-CV-8271, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (not reported in F. Supp. 2d) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C-10-4470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss . . . action . . . as frivolous without consent of defendants because defendants not yet served and therefore not parties).